UNITED STATES of America for the Use of Joseph W. REICHENBACH, Jr., and John L. C. McCalla, co-partners trading as Reichenbach and McCalla, a partnership,

v.

Joseph W. MONTGOMERY, an individual, trading as Montgomery Construction Company; and United States Fidelity & Guaranty Company, a corporation.

Civ. A. No. 19721.

United States District Court
E. D. Pennsylvania.
Oct. 10, 1957.

F. C. Fiechter, Jr., Philadelphia, Pa., with Henry S. Miller, Jenkintown, Pa., for plaintiffs.

Robert H. Arronson, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

Following a jury verdict for the use-plaintiffs, both the defendants and the use-plaintiffs filed the motions, now before the court, to set aside the verdict and to enter judgment in accordance with their respective motions for directed verdict. The use-plaintiffs' motion for new trial has been withdrawn and defendants have filed none.

The use-plaintiffs (subcontractors) brought this action under the Miller Act [1] against Joseph W. Montgomery t/a Montgomery Construction Company (general contractor) and United States Fidelity and Guaranty Company (surety) upon a payment bond executed by the general contractor, as principal, and by the corporate defendant, as surety. This bond was furnished to the United States in compliance with the Miller Act to insure payment for all labor and materials furnished in the construction, by the general contractor, of an armory and motor vehicle shed under the latter's contract with the United States.

The subcontractors, in turn, entered into a written contract with the general contractor whereby they agreed to furnish all labor and materials entailed in the installation of the plumbing, heating, ventilation, sheet metal, gas and water supply and site drainage systems for the sum of $80,000 which the general contractor agreed to pay.

■ The subcontractors' complaint alleged, and evidence was offered at the trial to prove, that the subcontract was afterwards modified by a partially written, partially oral supplement by which the subcontractors, for an additional net price of $14,931, agreed to supply the additional labor and materials required by authorized revisions of the original plans and specifications. The general contractor's answer admitted that the subcontract was modified, but he alleged that the changes were fewer and that the price for the changes was to be determined later on a quantum meruit basis. Since the bond [2] expressly covered any modification of the general contract, the issue of the terms of the modification of the subcontract was submitted, among others, to the jury. In view of the verdict for the subcontractors the evidence must be viewed, under defendants' present motion, in the light most favorable to the use-plaintiffs who are the subcontractors. So viewed it must be concluded that the subcontract was changed to provide for the additional work and at the additional price alleged by the subcontractors. Other issues not pertinent to determination of the present motions were submitted to the jury, including credits claimed by the general contractor for authorized omissions and imperfect performance by the subcontractors. The jury determined that $17,929.11 was the unpaid balance due the subcontractors.

The defendants' motion for judgment is hybrid in character and rests upon the contentions that (1) suit may not be maintained against the general contractor in this court because diversity of citizenship is lacking and (2) suit may not be maintained against the surety because the subcontractors' claim included their profit which, the surety asserts, may not be recovered in a suit on a bond furnished under the Miller Act.

■ The general contractor's contention that the suit against him must fail because of want of diversity is founded upon his consistent misapprehension of

1. 40 U.S.C.A. § 270a et seq.

2. The condition of the bond is: " * * * if the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract, and any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the surety being hereby waived, then this obligation to be void; otherwise to remain in full force and virtue.".

the nature of the action. He insists that this is a suit against him on the subcontract and against the surety on the bond. He persistently ignores the facts that he is the principal on the bond and that the complaint, to which a copy of the bond is attached, explicitly avers that suit is brought under the Miller Act. References to the subcontract, in the complaint and in the evidence, were essential to establish the relationship of the use-plaintiffs, as subcontractors, to the general contractor, the kinds of labor and material the subcontractors had agreed to supply in the prosecution of the work provided for in the general contract and the price the general contractor had agreed to pay. Such references did not make the subcontractors' action a suit against the general contractor on the subcontract. Jurisdiction under these circumstances is clearly conferred by the Miller Act.[3]

The surety's contention that it is entitled to judgment because the subcontract, the supplement thereto and the verdict included subcontractors' profit misconceives both the language and the purpose of the Miller Act and the decisions which the surety cites. The Act provides:[4]

"Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, *or the balance thereof, unpaid at the time of institution of such suit* and to prosecute said action to final execution and judgment for the *sum or sums justly due him.*" (Emphasis supplied.)

It is not contemplated by this Act that, in a suit upon a bond furnished in compliance with its mandate, the surety may oblige subcontractors to disregard the fair, bona fide price fixed by the subcontract and to recover only the actual cost to the subcontractors of the labor and material furnished by them. The subcontract fixed the fair, reasonable value of the labor and material furnished by the subcontractors in the prosecution of the work and to the recovery of that value the subcontractors are entitled. The plain intendment of the provisions of the Act may not be distorted to the construction which the surety here urges. The absurdity of the surety's contention is further demonstrated by its claim that the inclusion of the subcontractors' profit entitles it to judgment, a result which would deprive the subcontractors not only of their profit but also of the actual cost to them of the labor and material they furnished. If profit were to be excluded the surety could move only for a new trial to determine what sum, excluding profit, would be due the subcontractors, but the surety has filed no such motion.

Theobald-Jansen Electric Co. v. P. H. Meyer Co., 10 Cir., 1935, 77 F.2d 27, upon which surety relies is clearly inapplicable. It was determined there that the claimant was not a subcontractor and furnished neither labor nor material. United States for Use of Hill v. American Surety Co., 1906, 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437, is not authority for the point for which surety cites it, but holds, rather, that a predecessor statute required liberal construction and permitted recovery by one who furnished labor and material to a subcontractor of the general contractor. Hardaway & Prowell v. National Surety Co., 1909, 211 U.S. 552, 29 S.Ct. 202, 53 L.Ed. 321, on which surety relies, held that the claimants there had agreed only to furnish funds to complete and superintend and were not subcontractors who had undertaken to furnish labor and material up-

---

3. 40 U.S.C.A. § 270b(a, b).

4. 40 U.S.C.A. § 270b(a).

on a contract with the original contractor. The decision does make clear that the bond under that Act was for the protection of subcontractors and others who supplied labor and material for fulfillment of the original general contractor's agreement.

The motion for judgment filed by the subcontractors must be denied because the pleadings and the evidence presented issues which were for the determination of the jury, not the court.